# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nicole Lundy, | : | |
| | : | |
| Plaintiff, | : | No. 3:18-cv-01076-MEM |
| | : | |
| v. | : | |
| | : | |
| Geisinger Wyoming | : | |
| Valley Medical Center, | : | |
| | : | |
| Defendant. | : | |

## ANSWER TO COMPLAINT WITH
## AFFIRMATIVE DEFENSES AND COUNTERCLAIM

NOW COMES Defendant, Geisinger Wyoming Valley Medical Center (hereinafter "Geisinger" or "Defendant"), by and through its attorneys, Buchanan Ingersoll & Rooney PC, and files the within Answer to the Complaint of Plaintiff, Nicole Lundy (hereinafter, "Lundy" or "Plaintiff").

The numbered paragraphs of the Answer correspond to the like-numbered paragraphs of the Complaint and, unless specifically admitted herein, each factual averment in the Complaint is hereby denied.

## I. PARTIES AND JURISDICTION

1. Admitted in part; denied in part. It is only admitted that Plaintiff is an adult female. Defendant is without sufficient knowledge or information to admit

or deny the remaining averments in this paragraph and, thus, denies the same and leaves Plaintiff to her proofs.

2. Admitted in part; denied in part. It is admitted that Geisinger is a domestic non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania and that it has an address at 1000 East Mountain Boulevard in Wilkes Bare, Pennsylvania. The remaining averments of this paragraph are denied.

3. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

4. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

5. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

6.      Plaintiff's Complaint fails to contain a Paragraph 6 and, thus, no response is required.

7.      Denied.  The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis.  To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

8.      Denied.  The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis.  To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

## II. **FACTS**

9.      Admitted in part; denied in part.  It is only admitted that Plaintiff is Caucasian and that Defendant hired Plaintiff as a Registered Nurse on or about October 2, 2017.  Defendant is without sufficient knowledge or information to admit or deny the remaining averments in this paragraph and, thus, denies the same and leaves Plaintiff to her proofs.

10.     Denied.

11.     Denied.

12. Admitted in part; denied in part. It is only admitted that Plaintiff never reported overhearing the conversations alleged. The remaining averments of this paragraph are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted in part; denied in part. It is only admitted that Defendant terminated Plaintiff due to legitimate non-discriminatory reasons. The remaining averments of this paragraph are denied.

19. Denied.

20. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

21. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

22. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

23. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

### III. CAUSES OF ACTION
### COUNT I
### EMPLOYMENT DISCRIMINATION
### 42 U.S.C.A. § 2000e-2(a)

24. Defendant incorporates the responses to the foregoing paragraphs as if set forth at length herein.

25. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

26. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis.

To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

27. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

28. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

29. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

30. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

31. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis.

To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

32. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

## COUNT II
## RETALIATION
## 42 U.S.C.A. § 2000e-3(a)

33. Defendant incorporates the responses to the foregoing paragraphs as if set forth at length herein.

34. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

35. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

36. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis.

To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

37. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

38. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

39. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

40. Denied. The averments of this paragraph constitute conclusions of law requiring no responsive pleading and are, accordingly, denied on this basis. To the extent the averments are deemed to be factual in nature, Defendant denies the same and leaves Plaintiff to her proofs.

WHEREFORE, Defendant respectfully requests judgment in its favor, together with such other relief this Honorable Court shall deem appropriate.

## **AFFIRMATIVE DEFENSES**

1. Defendant's responses to the foregoing paragraphs are incorporated herein by reference, and re-alleged as a defense.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The Complaint fails to state a *prima facie* case of race or national origin discrimination, harassment, and/or retaliation.

4. All actions taken by Defendant relative to Plaintiff were based on legitimate, non-discriminatory/non-retaliatory legal factors other than the illegal factors alleged by Plaintiff.

5. Plaintiff cannot establish that the legitimate, business reasons offered by Defendant are pretext for discrimination, harassment, and/or retaliation.

6. Defendant has a policy against discrimination, harassment, and retaliation, as well as a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Defendant has or could have exercised reasonable care to prevent and promptly correct any unlawful discriminatory, harassing, or retaliatory behavior. As Plaintiff failed to utilize or otherwise avail herself of this policy and procedure, her claims are barred.

7. Plaintiff's claims may be limited or barred by the applicable Statute of Limitations or failure to exhaust her administrative remedies.

8. Plaintiff is not entitled to any punitive or other damages in this case.

9. Plaintiff's Complaint fails to set forth any cause of action against Defendant upon which damages in her respective prayers for relief may be awarded.

10. Plaintiff failed to mitigate damages.

11. Plaintiff has failed to sufficiently identify a similarly situated individual outside of her protected class that was treated more favorably than she was treated.

12. Defendant reserves the right to assert additional defenses based upon information learned during the course of this proceeding.

WHEREFORE, Defendants respectfully request judgment in their favor, together with such other relief this Honorable Court shall deem appropriate.

## COUNTERCLAIM

Geisinger Wyoming Valley Medical Center (hereinafter "Geisinger") hereby asserts the following counterclaim against Plaintiff Nicole Lundy (hereinafter "Lundy").

## COUNT I - BREACH OF CONTRACT

1. Lundy entered into a Recruitment Loan Agreement with Geisinger at the start of her employment.

2. The Agreement provided that Geisinger would loan Ms. Lundy $20,000 in exchange for a working with Geisinger for 30 months.

3. Under Section 7.1 of the Agreement, Geisinger would forgive a prorated portion of the loan after every pay period Ms. Lundy worked.

4. Pursuant to Section 8.1(c), in the event Geisinger ended Ms. Lundy's employment for unsatisfactory performance or demeanor or disciplinary reasons prior to the end of the 30 month period, then Ms. Lundy agreed to repay the remaining prorated loan amount.

5. Ms. Lundy began her employment for Geisinger on October 2, 2017.

6. On November 8, 2017, Ms. Lundy and Geisinger fully executed the Agreement.

7. From October 2017 through December 2017, Ms. Lundy violated Geisinger's Absenteeism Policy by having excessive absences from work.

8. By December 22, 2017, Ms. Lundy progressed through Geisinger's verbal and written disciplinary process due to her absences and other unprofessional actions and, therefore, Geisinger terminated her employment.

9. Under the terms of the Agreement, Ms. Lundy must now repay the remaining prorated amount of her recruitment loan – which totals $19,711.14.

10. To date, Ms. Lundy has not repaid any of the amount owed.

WHEREFORE, Defendants respectfully request judgment in their favor in the amount of $19,711.14, together with such other relief this Honorable Court shall deem appropriate.

        Respectfully submitted,

        BUCHANAN INGERSOLL & ROONEY PC

        By   *s/Anthony F. Andrisano, Jr.*
            Anthony F. Andrisano, Jr. (PA 201231)
            Jill Lashay (PA79985)
            Jacob J. Sulzer (PA 313089)
            409 N. Second Street, Suite 500
            Harrisburg, PA 17101
            Phone:  (717) 237-4800
            Fax: (717) 233-0852
            E: anthony.andrisano@bipc.com
            E:  jill.lashay@bipc.com
            E: jacob.sulzer@bipc.com
            *Attorneys for Defendant*

Date:  July 23, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Answer of Defendant to the Complaint was served upon the following persons this 23rd day of July, 2018, *via* ECF Filing:

> Graham F. Baird, Esq.
> Law Offices of Eric A. Shore, PC
> Two Penn Center
> 1500 JFK Blvd., Suite 1240
> Philadelphia, PA 19102

                          *s/Anthony F. Andrisano, Jr.*
                          Anthony F. Andrisano, Jr.
                          Attorney for Defendant